### COURSEY *vs.* BAKER.—June, 1826.

Where there are joint traders, and one of them draws a note, gives a letter of credit or guarantee in the name of all the partners, it binds all.

The act of each partner, in a transaction relating to the partnership, binds all the partners; and to this rule there is no exception, except what may grow out of covin, or such gross negligence as may be equivalent to covin.

A promissory note given by one of two joint partners to W B, for a debt due from the partners to W B and W C, also partners in trade, may be sued on, in the name of W B, and his recovery is as trustee for W B and W C, and enures to their benefit.

Where there was a variance between the date of a promissory note declared upon, and that offered in evidence—*Held,* that as there was a count in the declaration for money had and received, the note was, under that count, properly given in evidence.

APPEAL from *Queen-Anne's* county court. Action of assumpsit, brought on the 17th of June 1824, by the appellee against *Lambert W. Spencer,* (who was not arrested on the writ which issued in the cause,) and the appellant. The declaration contained two counts—one on a promissory note, stated to have been made by *Spencer* and *Coursey,* carrying on trade and commerce, in their partnership name of *Lambert W. Spencer & Co.* on the 14th of May 1820, and payable on demand to the appellee, or order, for $1106 95, with interest thereon from and after the 1st of December 1818. The other count was for money had and received. The defendant pleaded *non assumpsit, non assumpsit infra tres annos,* and *actio non accrevit infra tres annos.* The plaintiff joined issue on the first plea, and replied the general replications to the other pleas, and issues were joined.

At the trial the plaintiff read in evidence the following note: "$1106 95. *Baltimore,* May 6th, 1820.

On demand, we promise to pay *William Baker,* or order, one thousand one hundred and six dollars and ninety-five cents, for value received, with legal interest thereon from and after the first day of December, one thousand eight hundred and eighteen. *Lambert W. Spencer & Co.*"

He further read in evidence from the ledger of *Lambert W. Spencer & Co.* the account stated in the name of *Lambert W. Spencer & Co.* against *William Baker & Son,* commencing on the 3d of April 1817, and ending on the 7th of March 1818. On the 1st of December 1818, the balance stated by this account to be due to *William Baker & Son,* was $1106 95, and the account was closed by the following entry: "1820, May 6. To our note this day, on interest from the 1st day of December 1818, given to *William Baker,* $1106 95." The plaintiff then proved by one *Stewart Redman,* that *Gerald Coursey* and *Lambert W. Spencer* carried on trade together at *Easton,* till the year 1818; that in November 1818, the store was broken up at *Easton;* that *G. Coursey* took part of the goods, and *Lambert W. Spencer* took part, but a greater part were carried up to *Wye Landing,* which is distant from *Easton* about fourteen miles; and that he the witness then became concerned with *Spencer and Coursey,* and a firm was established in the name of *Stewart Redman & Co.* of which the witness, *Lambert W. Spencer,* and *Gerald Coursey,* were partners; and that the goods which were brought from *Easton,* of the firm of *Lambert W. Spencer & Co.* together with other goods, were sold at that place by said firm of *Redman & Co.* The plaintiff also proved by the same witness, that he, the witness, had heard a conversation in 1821, between *Spencer* and *Coursey,* in relation to the affairs of *Lambert W. Spencer & Co.* with *William Baker & Son,* and that *Spencer* insisted that this debt ought to be paid by *Coursey,* and that *Coursey* insisted that it ought to be paid by *Spencer.* The witness also proved that the firm of *William Baker & Son,* in the years 1816, 1817 and 1818, consisted of *William Baker* and *Joseph Baker;* and that *William Baker,* (the plaintiff,) and *Joseph Baker,* resided in the city of *Baltimore* in 1818, and are still alive. The witness also prov-

ed, that in 1823 he had a conversation with *Lambert W. Spencer*, who told him that a short time before, he, and *G. Coursey* and *William Baker*, had a meeting, when the books were produced for the purpose of ascertaining the situation of the parties in relation to the partnership, and to see what each of them ought to pay, but that nothing effectual was done; that *Baker* made figures and calculations, and that *Coursey* was found considerably in arrear. The defendant then proved by one *John C. Ruth*, who acted as clerk for *Lambert W. Spencer & Co.* at *Easton*, in the years 1816, 1817 and 1818, that the first, second, third, fourth and fifth lines, in the entries on the debit side of the account produced by the plaintiff, and also all the first, second, third, fourth and fifth lines, in the credit part of the account, were in his handwriting; that the sixth line in the credit part of the account, and the addition of the same, and the sixth and seventh lines in the debit part, and the addition of the same, and also the balance struck, was in the handwriting of *William Baker*, the plaintiff, and that the writing on the account of the 6th of May 1820 was *Lambert W. Spencer's*, one of the partners of *Lambert W. Spencer & Co.* The court having decided on the prayer of the defendant, that if the note in question was given after the dissolution of the partnership, without his consent, he was not obliged to pay it, the defendant then prayed the court to instruct the jury, on the supposition that the note was given during the existence of the partnership, that if they believed from the evidence that it was given to *William Baker*, in consideration of a debt due from *Lambert W. Spencer* and *Gerald Coursey*, trading under the firm of *Lambert W. Spencer & Co.* to *William Baker* and *Joseph Baker*, trading under the firm of *William Baker & Son,* they must find a verdict for the defendant, unless they also believed from the evidence that it was given with the approbation and knowledge of *Coursey*, the defendant. This instruction the Court, [*Earle*, Ch. J. and *Purnell*, A. J.] refused to give. The defendant excepted; and the verdict and judgment being against him, he appealed to this court.

The cause was argued before BUCHANAN, Ch. J. and MARTIN, STEPHEN, ARCHER, and DORSEY, J. by

*Carmichael* and *W. A. Spencer*, for the Appellant; and by *Chambers* and *R. Spencer*, for the Appellee.

Archer, J. delivered the opinion of the court. The prayer to the court below, the rejection of which gave rise to the present appeal, presupposes, and is bottomed upon, the existence of the partnership between *Spencer* & *Coursey*, at the time the promissory note was drawn, upon which this suit was instituted. This note was drawn by *Spencer*, in the name of the firm, for a debt due from the firm to *William Baker & Son.*

It is a settled principle, that where there are joint traders, and one draw a note, give a letter of credit, or guarantee in the name of all the partners, it binds all. The act of every single partner, in a transaction relating to the partnership, binds all the others. No exception is known to this general rule, except what may grow out of covin, or such gross negligence as may be equivalent to covin. Now in this case no fraud is imputable to *Baker* & *Son*; the note was drawn for and on account of a debt due from *Spencer & Co.* and appears to have been in the usual course of mercantile transactions. The power of one partner to bind another by bills and notes drawn in the name of the firm, it is true, is only an implied power, and *Spencer & Co.* might have stipulated to the contrary; and if a third person, having notice of such a stipulation, had in defiance of such notice and stipulation, accepted a security so drawn, the right of such person to a recovery might well be questioned. *Gallway v. Matthew & Smithson*, 10 *East*, 264. But here there is no pretence for questioning the validity of this instrument upon such grounds. The note is executed by one of the firm, in the name of the firm, in the course of their business, according to the custom of merchants, and pursuant to the implied power which he had, from the nature of the case, to contract for, and bind the company. No express assent or approbation was necessary to make it obligatory upon both.

This note was then binding on the firm, unless its having been given to *William Baker* alone, instead of being drawn payable to *Baker & Son*, can exonerate the firm from liability. Authorities need not be adduced to shew that *Baker* could have given a release which would have discharged the firm of *Spen-*

*cer & Co.* A payment to him would have been equivalent to a payment to him and his copartner. This being the case, can it be doubted but that a recovery in this action would enure to the benefit of *Baker & Son,* and that *Spencer & Co.* would, by such recovery, be discharged from all liability upon the original cause of action? It is certainly true that the note given does not extinguish or merge the original cause of action of *Baker & Son,* unless it had been received in satisfaction of the debt; but they could not recover on such original cause of action until this note, taken by one of the firm, should be proved to have been lost, or produced and cancelled at the trial. *The Patapsco Insurance Company vs. Smith, et al.* 6 *Harr. & Johns.* 170. Yet a suit is certainly sustainable upon the note in the name of the payee, in whom the legal title is alone vested, and he *recovers as a Trustee for Baker & Son. Van Ness vs. Forrest,* 8 *Cranch,* 34.

As to the question which has been raised relative to a variance between the date of the note offered in evidence, and that declared upon, it is only necessary to observe, that the promissory note was properly given in evidence under the count for money had and received.

We concur with the court below.

JUDGMENT AFFIRMED.