PARDEE and others *vs.* HAYNES & MERRIAM.

Where a suit is *commenced by declaration* against *joint debtors,* and the declaration is served on only *one* of the defendants, he may confess judgment and bind the joint property of all the defendants in like manner as if *process* had been issued and served on *one* of the defendants.

The judgment in such case is entered againts all the defendants, and the execution of course conforms to the judgment; but it can be enforced only against the *joint property* of the defendants and the *separate property* of the party confessing the judgment.

On the 6th day of August, 1833, the plaintiff commenced a suit against the defendants who were partners in trade by the filing of a declaration, and on the 9th of the same month a copy of the declaration was served on *Haynes* one of the defendants, proof of service made, his appearance entered, and a *cognovit* obtained from him for upwards of $2000 : the *cog-*

*novit* being signed in the partnership name, viz. "Merriam & Haynes," on which judgment was entered. Merriam now applies to set aside the judgment, alleging that the debt confessed by Haynes was contracted in May or June last on a *credit* of one year. The plaintiffs say that it was agreed that they might proceed at any time to the collection of their debt if there was danger of loss; in which they are corroborated by the other defendant, who shews that such danger existed.

*W. Darling*, for defendant.

*S. Stevens*, for plaintiffs.

*By the Court*, SAVAGE, Ch. J.   By the statute of April 29, 1833, *Laws of* 1833, *p.* 395, § 3, a *declaration* may be served on *one* of *several joint debtors*, and the defendant so served shall answer to the plaintiff, and the judgment shall be against all the defendants in the same manner as if all had been served with the declaration; the judgment and execution to have the like effect as if *process* had been issued and served on one of the defendants.   This statute was passed to remedy an inconvenience under the revised statutes which required the declaration to be served upon *all* the defendants.

The proceedings in this case were regular under the revised statutes as amended by the act of 1833; and the effect is to make the judgment a lien upon the joint property of both defendants, and the separate property of Haynes.   The execution, though on its face it will conform to the judgment, will be endorsed, to be enforced against the joint property of both defendants and the separate property of Haynes.   The cases in 1 *Wendell*, 311, *and* 9 *Wendell*, 437, are not now applicable, as the difficulties in those cases as to entering judgment, are obviated by the act of 1833.

The defendant Merriam swears to merits, but his own affidavit shows that the goods were not paid for.   One of the plaintiffs and Haynes show by their affidavits that the plaintiffs were to collect their demand whenever they thought it unsafe; and Haynes agreed it should be due and payable.

ALBANY,
Feb. 1834.

This he had a right to do. The proceedings appear to be all fair and regular. The motion to set aside the judgment must be denied with costs.*

*This case arose and was decided at the *special term*, 21st November last.