St. John & Witherell *vs.* S. & L. W. Holmes.

Where one of the *partners* of a firm executed a *warrant of attorney* under seal, for himself and as attorney for his partner, authorizing the confession of a judgment, which was accordingly entered against both defendants, the court refused to set aside the judgment on the application of the defendant who had executed the warrant of attorney. The affidavit on which the motion was founded being made by him, he was deemed the sole mover in the matter, although the notice of the motion purported to have been given for *both* the defendants.

Confession of judgment by one of several partners. The plaintiffs filed a declaration and entered a rule to plead, but before service of copies of the declaration upon the defendants, received a *warrant of attorney* under seal, executed by *S. Holmes* for himself and as attorney for his copartner, authorizing the confession of a judgment in favor of the plaintiffs; and by virtue of which a judgment was accordingly entered against *both* defendants. A motion is now made to set aside the judgment and subsequent proceedings, on the ground that the warrant of attorney was executed by one partner without authority from the other. The notice of the motion purports to be given for *both* the defendants, but the affidavit upon which it is founded is the affidavit of *S. Holmes* alone.

*By the Court*, Nelson, Ch. J. In *Green & Mosher* v. *W. & T. Beals*, 2 *Caines*, 254, the judgment was entered up on a bond and warrant of attorney, signed, as in this case, by only one of the partners, without authority from the other. It was held good against the partner giving the warrant, but inoperative as to the other if he chose to avail himself of the defect; that the

St. John *v.* Holmes.

court would not interfere except on his application, as he might acquiesce in what his partner had done ; and that even if he did apply, the court would not set aside the judgment, but simply direct the execution *not* to be served on his person or property. *See also* 1 *Wendell*, 336. The case of *Crane* v. *French*, 1 *Wendell*, 311, in connexion with the 3d section of the act of 1833, *Statutes, sess. of* 1833, *p.* 395, shews that the judgment in this case is irregular, for the reason that the partner was not in court when the confession was given. This seems to be essential, whether the suit be commenced by writ or declaration, in order to have it operate under the *joint debtor* act. *See also* 10 *Wendell*, 630. But still, under the practice before alluded to, the partner aggrieved must move. Has he done so in this case ? The attorneys appear for *both* defendants in the motion, but it is founded upon the affidavit of the one who gave the warrant; he is setting up his own fraud by way of defeating the judgment. Should not the co-partner deny the authority and shew his dissent ? His silence in *Green & Mosher* v. *W. & T. Beals*, was deemed an acquiescence in the use of his name. 1 *Wendell*, 336. In the absence of any proof of his dissent of the use of his name, it seems to me, according to the practice as settled, we are bound to hold the proceedings regular.

The distinction between this application to the equitable interference of the court, and the case of an action upon the instrument on plea of *non est factum*, where the issue would stand upon strict principles and the verdict must be for the defendants, is noticed in the cases above referred to.

Motion denied with costs.