JOHN GROESBECK *et al.* agt. HENRY E. BROWN and RALPH JOHNSON.

Where a declaration against two defendants, co-partners, is served on one of the co-partners, and he employs an attorney to appear for both defendants composing the co-partnership, and the attorney thus employed gives a cognovit for both defendants, and a judgment is thereupon entered, the defendant not served with declaration denying that the attorney giving the cognovit had any authority from him to give the cognovit in any wise—the judgment will be set aside as to the defendant not served with declaration; although it appear that a copy of the declaration was served on him on the same day judgment was entered, but two or three hours afterwards.

*December Term,* 1845.

MOTION by defendant Brown to set aside judgment for irregularity.

The defendants in this cause were co-partners, and as such were indebted to plaintiffs. On the 22d September last, plaintiffs' attorneys served on defendant Johnson a declaration. Johnson employed one Whipple, an attorney, to appear for both defendants, and directed him to give a cognovit in the cause for the amount of the indebtedness. On the same day, at 12 o'clock at noon, judgment was entered up and filed against both defendants on a cognovit given by Whipple, the

attorney employed by Johnson. On the said 22d September, after three o'clock in the afternoon, a declaration was served by plaintiff's attorneys on defendant Brown. Brown alleged that he never gave Whipple, the attorney who gave the cognovit, any authority to appear for him, in this suit, as attorney or otherwise; but had refused, on the said 22d of September, to confess a judgment to plaintiffs in this cause, and had employed attorneys to defend the suit on the merits. It was alleged in the moving papers that Whipple the attorney was irresponsible. Execution was issued on the judgment.

> R. W. PECKHAM, *counsel for Brown.*
> PECKHAMS & COLT, *attorneys for Brown.*
> E. A. DOOLITTLE, *plaintiff's counsel.*
> WHEATON & Co., *plaintiff's attorneys.*

JEWETT, Justice. The judgment against Brown must be set aside. Whipple had no authority to confess a [*22] judgment as his attorney. Brown *has a defence on the merits, and the attorney is not responsible. It would have been competent for Johnson to have confessed a judgment under the joint debtor act, so as to bind partnership property, the declaration being served on him, (10 *Wend.* 630,) but that is not this case; here the judgment is against both defendants as upon a service of process upon both. Besides, there is good ground to believe that this judgment was the result of collusion between the plaintiff's attorneys, Johnson and Whipple.

Motion granted that the judgment and execution as against the defendant Brown be set aside, with $10 costs.