## GEORGE U. PORTER *vs.* MILES WHITE.

*Admissibility of Evidence—Liability of one Partner for the acts of his Co-partner.*

Certain promissory notes were signed or endorsed by J. B. Rose, in the name of the firm of J. B. Rose & Co., the firm being composed of J. B. Rose and G. U. Porter, the former being the managing partner. These notes were purchased or discounted by Miles White for the accommodation of J. W. Butler, who endorsed them in the name of the firm of J. W. Butler & Co., and received the money for them. J. W. Butler & Co. were carrying on business in "House Carpentering and Building Materials," and J. B. Rose & Co. were engaged in the printing business. A suit was brought on these notes by White against Rose and Porter, and the defence taken by the latter was, that the notes were drawn or endorsed without his knowledge or authority by Rose, and without his knowledge or consent were given, or loaned by Rose to J. W. Butler; that the firm of J. B. Rose & Co. derived no benefit from them, and that they were discounted by the plaintiff under circumstances which should have put him upon inquiry, and which would have discovered to him their character, and would have exonerated him, Porter, from liability. HELD:

1st. That it was competent for the plaintiff to show by the witness Butler, that he was in the habit of exchanging notes with J. B. Rose & Co., and that it was the practice of Rose to borrow money for the firm and to sign and endorse notes for the use of the firm; *without showing express authority for* that purpose from his co-partner Porter—such authority would be implied from the existence of the partnership and the nature of its business.

2nd. That it was not competent for the defendant Porter to show that he had no knowledge of the notes sued on, during the existence of the partnership; that he never authorized any note to be given by Rose in the name of the firm; that he did not know that any money was ever borrowed of Mr. Butler at any time for the use of the firm; and that the notes sued on were not to his knowledge connected with the business of the firm of J. B. Rose & Co.,—such evidence was irrelevant and inadmissible, as it in no manner impaired or affected the legal rights of the plaintiff, the *bona fide* holder of the notes sued on.

3d. That to render such evidence admissible, and material to affect the rights of the plaintiff, it was necessary to prove that he had knowledge of the want of authority in Rose to bind the firm by signing or endorsing the notes; or that the same was not within the scope of the business of the partnership; or to bring home to him the knowledge of such facts, as to put him on inquiry, and make it gross negligence on his part to have purchased the notes.

APPEAL from the Superior Court of Baltimore City.

The first and second exceptions are sufficiently stated in the opinion of the Court; the third is as follows:

*Third Exception.*—The defendant, Porter, offered the following prayers:

1. If the jury, from the evidence, believe that at the times the respective promissory notes offered in evidence were discounted by the plaintiff, the defendants were engaged in the printing business, and that the plaintiff was aware of that fact; and shall further find that the notes upon which suit is brought were signed in the name of J. B. Rose & Co., by J. B. Rose, one of the defendants, without the knowledge and privity of his then partner, George U. Porter; and that said notes were loaned or passed by said J. B. Rose, to J. W. Butler, without the knowledge or privity of said George U. Porter, and were not given or loaned to him for or on account of any transaction or claim with or against the firm of J. B. Rose & Co., and shall further find that said plaintiff knew that the business of J. W. Butler & Co. was the making and selling of house building materials, and had no connection with the printing business of J. B. Rose & Co., and that the said plaintiff discounted said notes for J. W. Butler, and paid the proceeds thereof to said J. W. Butler; and shall further find that said plaintiff was in the frequent habit of discounting promissory notes for said J. W. Butler, and that in the course of conversations at times between plaintiff and said J. W. Butler, the

question of borrowing notes by said J. W. Butler for discount was spoken of, but that witness cannot recall any such conversation with plaintiff in regard to the notes on which suit is brought in this case, then the jury are at liberty to infer that said plaintiff had knowledge that the notes upon which this suit is brought were not given by said defendants for any claim in the line of their business, and in so far as the defendant, George U. Porter, is involved, their verdict may be for said defendant.

2. If the jury, from the evidence, believe that the firm of J. B. Rose & Co. consisted of the defendants, and that the business of said firm was printing, and that the notes offered in evidence were not issued or passed by either of the partners of said firm for any indebtedness or claim due by the firm of John B. Rose & Co., but that the name of said J. B. Rose & Co. was signed to and on said notes by J. B. Rose without the knowledge of his co-partner, George U. Porter, and that no entry of said transaction was made on the partnership books of said J. B. Rose & Co., and that said George U. Porter never assented to the making of said notes, and that said notes, when so signed by said J. B. Rose, were passed to J. W. Butler by said J. B. Rose, without the knowledge and consent of said George U. Porter, then they may find for the defendant, George U. Porter, on the issue joined.

3. If the jury, from the evidence, believe that the plaintiff discounted the notes upon which suit is brought in this case, for J. W. Butler, and that at the time of discounting the same the plaintiff had knowledge that said notes were borrowed from said defendants, and were without consideration, so far as defendants are concerned, then said plaintiff is not entitled to recover.

The plaintiff excepted to each and all of the foregoing prayers upon the ground, (among other exceptions and objections,) that there was an insufficiency of evidence in the case to support them.

The Court, (DOBBIN, J.,) refused to grant the said prayers, on the ground, (among other objections thereto,) that there was no evidence in the case sufficient to support them. The defendant Porter, excepted, and took this' appeal, the verdict and judgment being for the plaintiff.

The cause was argued before BARTOL, C. J., STEWART, GRASON, MILLER, ALVEY and ROBINSON, J.

*Wm. A. Stewart,* for the appellant.

*Wm. F. Frick,* for the appellee.

BARTOL, C. J., delivered the opinion of the Court.

This suit was instituted by the appellee against the appellant and John B. Rose, partners doing business in the name of J. B. Rose & Co. The appellee sued as endorsee for value of three promissory notes; one dated June 28th, 1871, drawn by A. J. S. Smith, at four months, and endorsed by J. W. Butler & Co., J. B. Rose & Co., and Perrigo & Kohl. One dated July 28th, 1871, drawn by J. B. Rose & Co., at four months, endorsed by J. W. Butler & Co., D. C. Morgan and Eastman & Rogers; and one dated September 2nd, 1871, drawn by J. B. Rose & Co., at four months, and endorsed by J. W. Butler & Co., Eastman & Rogers, Perrigo & Kohl, and D. C. Morgan.

The defence relied on by the appellee was that the notes were drawn or endorsed by his partner Rose, without his knowledge or authority, that they were given or loaned by Rose, to J. W. Butler, his brother-in-law, without the knowledge or consent of the appellant, that the firm of J. B. Rose & Co. derived no benefit from them; and that they were discounted by the appellee under circumstances which should have put him upon inquiry, to discover to

him their character; and exonerate the appellant from liability.

The proof shows that the notes were drawn and endorsed by J. B. Rose, in the name of the firm, without the knowledge of the appellant, and were purchased, or discounted by the appellee for J. W. Butler, who received the money for them. That the firm of J. B. Rose & Co. was carrying on the printing business, as was known to the appellee; but the extent of their business is not disclosed by the evidence. The appellant does not appear to have been actively engaged in the business, the active or managing partner was J. B. Rose. John W. Butler, the plaintiff's witness, having testified, among other things, that he was carrying on business in " house carpentering and building materials," in the name of J. W. Butler & Co., and that the notes were discounted for his accommodation, was asked the question in chief, "did you exchange for them your firm's accommodation notes in favor of J. B. Rose & Co?" The question was objected to; but the Superior Court overruled the objection and allowed the question to be asked, and this ruling forms the subject of the appellant's first bill of exceptions.

No objection was made below to the form of the question, as leading, and no objection on that ground has been urged in this Court. The point made by the appellant on this exception, is, that the question and the answer thereto were inadmissible "unless the witness knew, or could state that the defendant Porter, had knowledge of these transactions."

The point presented by this first exception will be noticed hereafter.

In answer to the question, the witness J. W. Butler said, "I was in the habit of exchanging notes with J. B. Rose & Co. I have had notes of J. B. Rose & Co., which were paid; I was in the habit of exchanging notes with J. B. Rose & Co. in the year 1871, and in that

year, loaned said firm in addition to exchanged notes, as much as $2500 in cash in the aggregate at various times during the year. In some instances in which I got notes of J. B. Rose & Co. discounted, J. B. Rose & Co. got the money for the discounted notes ; in others witness' firm got the money, and in other instances J. B. Rose & Co. got part of the money from a discount, and J. W. Butler & Co. got the rest. Mr. Rose sometimes asked witness to lend him money for his pay-roll on Saturday afternoon, also spoke of having notes to pay for which I lent him money ; in dealing with him, I dealt with him upon his statements."

After this testimony had been given, George U. Porter, one of the defendants, testified that he was one of the firm of J. B. Rose & Co. until November 16th, 1871, when it was dissolved ; the question was then asked him by defendant's counsel, "Had you any knowledge of the existence of either of the notes sued on, during the existence of the partnership of J. B. Rose & Co.?"

The question was excepted to by the counsel of the appellee, but the Court permitted the question to be answered, reserving the right to exclude the evidence after hearing the same, if it should not prove to be competent and legal evidence to go to the jury. The witness then proceeded and testified as follows : "I never had any knowledge of either of the notes sued on, during the existence of the partnership. I knew Miles White, the plaintiff, but never had any business transactions with him, or conversations with him on the subject of these notes, either before or after their maturity. I never authorized any note to be given by Mr. Rose in the name of the firm ; if any money had at any time been needed in the partnership business, witness would have provided it. Witness did not know that any money was ever borrowed of Mr. Butler at any time for the use of the firm. The notes sued on were not to his knowledge, connected with the business of the partnership."

The plaintiff by his counsel objected to the admissibility of the above offered evidence of George U. Porter, on the ground that the same if true, did not impeach the validity of the notes sued on in the hands of the plaintiff as a *bona fide* purchaser for value, without notice; and the Court excluded the same, whereupon the appellant took his second bill of exceptions.

In our judgment there was no error in the ruling of the Superior Court, as stated in the *first* and *second* bills of exception.

It was competent to prove by the testimony of Butler, the course of his dealing with the firm of J. B. Rose & Co., and that it was the practice of Rose the managing partner, to borrow money for the firm, and to assign and endorse notes for the use of the firm; without showing express authority for that purpose from his co-partner, the appellant; such authority would be implied from the existence of the partnership, and the nature of its business.

The appellee being a *bona fide* holder of the notes sued on, his legal rights are in no manner impaired or affected by the fact that the appellant was ignorant of the making and endorsement of the notes by Rose, his co-partner, or that the appellant had not given him any express authority to bind the firm in the premises, and the evidence given by the appellant on this subject was therefore irrelevant, and properly excluded from the jury. In order to render the evidence admissible, and material to affect the rights of the appellee, it was necessary to prove that *he* had knowledge of the want of authority in Rose to bind the firm by signing or endorsing the notes; or that the same was not within the scope of the business of the partnership; or to bring home to him the knowledge of such facts, as to put him on inquiry; and make it gross negligence on his part to have purchased the notes. But no such testimony was offered in the case. On the con-

trary, there is no evidence that the appellee knew, or had any reason to suspect that the notes were signed or endorsed by Rose without the authority of his co-partner, and not in the regular course of their business for the use and benefit of the firm. In the absence of such evidence there was no error in refusing the prayers of the defendant below, for the reason stated by the Superior Court, that there was no evidence in the cause sufficient to support them.

*Judgment affirmed.*

(Decided 3rd March, 1874.)

