SHAFER BROTHERS ET AL. *v.* JOHN V. KITE, JR.
ET AL.

[No. 37, September Term, 1979.]

\* \* \*

SHAFER BROTHERS ET AL. *v.* LOUISE SHAFER ET AL.

[No. 38, September Term, 1979.]

*Decided October 16, 1979.*

The cause was argued before LISS, COUCH and MACDANIEL, JJ.

*Elwood E. Swam* for all appellants.

*William T. Fitzgerald* for appellees John V. Kite, Jr. et al. *William B. Dulany,* with whom were *Dulany & Davis* on the brief, for appellees Louise Shafer et al.

MACDANIEL, J., delivered the opinion of the Court.

We have consolidated these cases in a single opinion because they involve the same parties as appellants and similar facts determine the outcome.

On July 21, 1978, John V. Kite and Louise Shafer, the appellees, separately filed suit against the appellants, Shafer Brothers, a partnership, based on the respective confessed judgment notes held by the appellees. The two notes were both dated July 20, 1978, and they were each signed by Lindsay B. Shafer, with "Shafer Brothers" indicated on the notes. Kite's note was for $22,766.86, and Louise Shafer's note was for $105,825.00. Judgments by confession were entered on July 21, 1978, for Kite and Louise Shafer, respectively. On August 9, 1978, the appellants filed a Motion to Vacate Judgment in each case, arguing that, pursuant to their August 2, 1977, Bill of Complaint to terminate the partnership and liquidate the assets, no partnership existed when the confessed judgment notes were signed and that, in addition, Lindsay B. Shafer did not have authority to act for the partnership with respect to the confessed judgment notes. On August 16 and 17 the appellants filed Motions for Summary Judgment in their favor in the two cases. Answers to the Motions for Summary Judgment were filed by the

respective appellees, and depositions were taken. Louise Shafer also filed a Motion Ne Recipiatur to the Motion to Vacate Judgment in her case. On November 6, 1978, a hearing on all of the motions in the two cases was held in the Circuit Court for Carroll County. On December 11, 1978, by Memorandum Orders, the trial judge denied the appellants' Motions to Vacate Judgment and Motions for Summary Judgment.

In the two Memorandum Orders, the trial judge stated:

"... nor was the partnership dissolved as alleged in the Motion to Vacate Judgment. There was no order of dissolution as contemplated by § 9-603 of the Corporations and Associations Article.

We note that § 9-601 of the Corporations and Associations Article of the Annotated Code of Maryland states:

'§ 9-601. Partnership not terminated by dissolution.

On dissolution, the partnership is not terminated but continues until the winding up of partnership affairs is completed.' "

The trial judge then cited *Bradford v. Harford Bank,* 148 Md. 1, 23 (1925), for the following legal principle:

" '... It has been repeatedly decided by our predecessors that a firm is bound by notes executed by one partner, without showing that he had express authority from his co-partner, when such authority would be implied from the nature of the business. *Porter v. White,* 39 Md. 613; *Hopkins v. Boyd,* 11 Md. 109; *Coursey v. Baker,* [7 H. & J. 28].' "

In the Kite case, the judge concluded his denial of the appellants' motions with the following explanation:

"The exhibits of the depositions of Lewis W. Shafer, Jr. and Joseph Shafer filed in this case clearly show that it was a normal business practice of the partnership for Lindsay Shafer to execute notes for the partnership.

We observe that the note executed by Lindsay Shafer in favor of John V. Kite, Jr. on July 20, 1978, was to cover some 13 checks payable to John V. Kite issued by Lindsay Shafer during the period February 14, 1975 — August 12, 1976, that were returned for insufficient funds or were not presented for payment at the request of Lindsay Shafer. In our opinion, these checks, having been issued as part of the partnership business, would become a liability of the partnership."

In the second case, involving Louise Shafer, the trial judge explained his denial of the appellants' motions as follows:

"Testimony at the hearing on November 6, 1978, clearly indicated that it had been the practice in the past for Lindsay B. Shafer to execute notes binding the partnership.

Finally, we consider the allegations contained in paragraphs 4 and 5 of the Defendants' Motion to Vacate Judgments. Louise Shafer testified that the note in dispute represents money that she inherited and loaned to Lindsay B. Shafer for use in the partnership. Lindsay B. Shafer's testimony corroborated that of Louise Shafer. Joseph Shafer in his testimony stated that he did not know that the partnership borrowed money from Louise Shafer. There was no *denial* of same by anyone."

The judge held that Louise Shafer's Motion Ne Recipiatur was moot in light of his denial of the appellants' motions.

The appellants now contest the trial judge's rulings on their motions. We will first address the Motions to Vacate Judgment.

## I

Maryland Rule 645, Judgment by Confession ... Law, provides in part:

"c. *Application by Defendant.*
Application to vacate, open or modify the

judgment must be made by motion within 30 days after service of the summons. The motion shall be made on the ground that the defendant has a meritorious defense to the cause of action. It shall set forth fully the facts relied on for such defense. . . .

d. *Disposition of Application.*

The motion shall be heard promptly by the court. If the evidence presented at the hearing establishes that there are substantial and sufficient grounds for an actual controversy as to the merits of the case, the court shall order the judgment by confession vacated, opened or modified with leave to the defendant to file a pleading and the case shall stand for trial. . . ."

In *Billingsley v. Lincoln National Bank,* 271 Md. 683, 689 (1974), the Court of Appeals addressed the issue of the finality of confessed judgments when there has been a timely appeal, as in the present case. The Court said:

" ' "To be successful in moving to strike a judgment by confession, one must adduce evidence in support of his motion sufficient to persuade the *fair and reasoned judgment of an ordinary man* that there are substantial and sufficient grounds for an actual controversy as to the merits of the case. If he does so, he is deemed to have met the burden of showing he has a meritorious defense, without the necessity of showing he will eventually prevail. *This is to say that if the evidence is such that persons of ordinary judgment and prudence could fairly draw different inferences from it, the controversy should not be decided as a matter of law but instead should be submitted to a trier of fact.* If a meritorious defense is made out (by affidavits or testimony, *Johnson v. Phillips, supra,* 143 Md. 16, 122 A. 7) the Court should liberally exercise its equitable jurisdiction over judgments entered by confession and, on application of a defendant who prima facie

shows such defense, vacate the judgment to permit a trial on the merits. *Cropper v. Graves,* 216 Md. 229, 139 A. 2d 721; *Remsburg v. Baker,* 212 Md. 465, 470, 129 A. 2d 687; *Keiner v. Commerce Trust Co.,* 154 Md. 366, 370-371, 141 A. 121.' ' 264 Md. at 444 (emphasis added)."

Maryland debtors, to open a confessed judgment, ". . . are merely required to meet a standard that 'is a minimal obstacle.' " *Id.* at 690.

In the present cases, the trial judge erred, first, in making final factual determinations and decisions on the merits. Under the above standards, in ruling on Motions to Vacate Judgments, a judge is not the "trier of facts" as in proceedings on the substantive merits. Rather, he must decide merely whether the facts presented by the movants, if believed, would constitute a meritorious defense.

The issue of what can constitute a meritorious defense, assuming that the supporting facts are believed, is a question of law. We hold that in the present cases the trial judge also misapplied the law. For the reasons indicated below, he should have granted the appellants' Motions to Vacate the Judgments.

We note, initially, that for the reasons indicated in his Memorandum Orders, the trial judge correctly found that the Shafer Brothers partnership had not been terminated as of the date of the confessed judgment notes.

The appellants argue, in support of their Motions to Vacate Judgment, that the consent of less than all of the partners to a confessed judgment note against a partnership does not operate to bind the other partners to the confessed judgment portion of the instrument, as well as any partners actually signing such an instrument, unless the other partners "actually authorized" the signing. We agree.[1]

---

[1]. The appellants do not argue that a confessed judgment note signed by less than all of the partners cannot operate as a valid note of indebtedness. They merely argue that the *confessed judgment portion* does not bind the other partners unless they "actually authorized" the signing of confessed judgments or confessed judgment notes. In this opinion, we in no way infer that, where the confessed judgment portion of a confessed judgment note is not binding on non-signing partners, the evidence of indebtedness portion of the confessed judgment note cannot be valid.

The Uniform Partnership Act was enacted in Maryland by Chapter 175 of the Acts of 1916. Its provisions are now set forth in the Corporations and Associations Article of the Annotated Code of Maryland. Section 9-301 provides in part:

"§ 9-301. *Partner agent of partnership.*

. . .

(c) *Unless authorized* by the other partners or unless they have abandoned the business, one or more but less than all the partners have no authority to:

. . .

(4) Confess a judgment." (Emphasis added.)

No cases have arisen in Maryland under the above statutory provision of its predecessors.[2] However, in *Rhodes v. Amsinck,* 38 Md. 345, 353-43 (1873), the common law was stated as follows:

"Now, even during the existence of the partnership, *there is no implied authority in one partner to voluntarily appear and confess judgment* to bind his copartners; and where one partner does voluntarily appear to an action and confess judgment as against all the partners, without the consent of his copartners, the judgment thus confessed binds only the partner confessing; and, under an execution on such judgment, the confessing or acting partner's separate interest alone in the partnership property can be seized and sold. *Green v. Beals,* 2 Caines, 254; *Crane v. French,* 1 Wend. 311; *McBride v. Hagan, Ib.* 335; *Grazebrook v. McCreedie,* 9 *Ib.* 437; *Waring v. Robinson,* 1 Hoff. Ch. 524; Pars. on Partn. 179, note." (Emphasis added.)

Under the Uniform Partnership Act, as well as under Maryland common law, the crucial issue is what constitutes

2. In Geo. Bert. Cropper, Inc. v. Wisterco, 284 Md. 601, 615 (1979), the Court of Appeals noted that the Uniform Partnership Act has generally been consistent with prior Maryland common law.

"authorization" by the members of a partnership for less than all of the partners to confess a judgment against the partnership. Cases in other jurisdictions shed light on the meaning of "authorize" in the above statutory provision.

Under a statutory provision identical to § 9-301, *supra,* the Court of Appeals of Ohio in *Farm Bureau Agricultural Credit Corp. v. Dicke,* 277 N.E.2d 562, 565 (1972), said:

> "This means, of course, that one partner, unless authorized, may not confess a judgment against a partnership, but does not preclude him from confessing a judgment against himself alone. It is likewise obvious that the mere existence of the partnership relation does not, in and of itself, extend the authority of the other partners to one partner to confess judgment. In other words, the authority is not implied by the partnership relationship but must be expressly granted or appear from other circumstances."

In *Murray v. Korshak,* 201 N.E.2d 737, 741 (1964), likewise decided under the identical Uniform Partnership Act provision, the Appellate Court of Illinois stated:

> "There is no requirement in the statute that such authorization must be in writing. It is only with respect to limited partnerships that the statute specifically provides that the written consent of all the limited partners must be had. . . . [S]uch authorization may be established, as it was in the instant case, by oral evidence."

Finally, in *Jamestown Banking Co. v. Conneaut Lake Dock & D. Co.,* 14 A.2d 325, 327-28 (1940), the Supreme Court of Pennsylvania said:

> ". . . the burden was on appellants to prove facts sufficient to show either that the instruments forming the basis of the [confessed] judgment were signed by Holcomb and Ehrhart for the partnership with Harshaw's express authority or consent, or that he subsequently ratified its execution by

acquiescence or otherwise. A partner has implied authority only to bind his firm by transactions in the ordinary course of business. . . . But for a transaction not in the ordinary course of business a partner has no implied authority to bind his firm. Such a transaction is a confession of judgment. . . . There is here no evidence of such express authority. On the question of ratification a conflict arose which could be resolved only by a jury trial."

We conclude, therefore, that under Maryland's § 9-301, *supra,* there must be *actual* authorization by all of the other partners before the signature of less than all of the partners can confess a judgment against the partnership. For "actual authorization" there must be some positive evidence of consent or ratification. This authorization cannot be implied as the ordinary course of business.

In the present cases, the non-signing partners testified, by deposition or at the hearing on the motions, that they had not authorized Lindsay B. Shafer to sign the confessed judgment notes on behalf of the partnership. This alone satisfies the appellants' burden of showing, prima facie, a meritorious defense. In their briefs, the appellees argue that authorization may be implied from the fact that certain earlier confessed judgment notes, involving other plaintiffs, had been signed by Lindsay Shafer and that the appellants had not attempted to have those particular judgments against the partnership vacated. However, we feel that it does not necessarily follow that Lindsay Shafer was authorized to sign any or all future confessed judgment notes. At best, a question of fact was raised, and the issue of actual authorization should have been determined at a trial on the issue. Therefore, we hold that the trial judge should have granted the appellants' Motions to Vacate the Judgments and the cases should have been set for trial.

The trial judge reasoned that the authority to sign confessed judgment notes on behalf of the partnership could be implied from the fact that the underlying obligations arose from normal business practices of the partnership, but, as we

have indicated above, this is clearly incorrect, and such an implication cannot, as a matter of law, be made.

The appellee Kite argues that *Murray v. Korshak, supra,* mandates an outcome in his favor. We disagree. That case is materially different because it was tried on the merits. There, evidence was introduced at trial to show that both partners were present at the meeting in which a confessed judgment note was requested and that the non-signing partner handed it to the signing partner, thereby signifying knowing acquiescence in the signing of the note. The judge, as trier of the facts, was, therefore, entitled to conclude that there had been actual authorization.

The appellee Louise Shafer also argues that her Motion Ne Recipiatur, filed on August 22, 1978, should now be granted. She contends that under Maryland Rule 321 the appellants should have supported their Motion to Vacate Judgment by affidavit and that, because they did not, the Motion to Vacate Judgment should be stricken under Maryland Rule 322.[3]

Maryland Rule 321 provides, in part:

> "b. *Affidavit Not Required — Exception — Partial Immunity.*
>
> A motion need not be supported by affidavit unless it is founded on facts not apparent from the record or from papers on file in the proceedings. In such event the motion shall be supported by affidavit and shall be accompanied by the papers on which it is based."

*See also* 3 *Poe, Pl. & Pr.,* § 394. We note from the record, however, that the appellants' Motion for Summary Judgment, filed on August 17, 1978, which repeated the facts forming the basis for their asserted meritorious defense, was

---

3. Maryland Rule 322 provides:

"*Rule 322. Motion Ne Recipiatur or to Strike . . . . Gen'l.*

A motion that any pleading be not received either because it is filed too late or is not properly verified, or for any other reason, as well as any motion to strike out any preceding motion for any reason, may be made either by a motion *ne recipiatur* or by a motion to strike, or both."

accompanied by an affidavit. This affidavit was already on file at the time that the appellee filed her Motion Ne Recipiatur. Given that posture of the case, we hold that the requirements of Maryland Rule 321 were met by the appellants and that the Motion Ne Recipiatur should not have been granted.

We wish, finally, to note, that with respect to the trial on the merits, we express no opinion as to who should prevail. We hold, merely, that the appellants adequately raised the possibility of a meritorious defense and that, therefore, they are entitled to have the judgments against them vacated and the cases proceed to trial.

## II

We hold that the trial judge did not err in refusing to grant the appellants' Motions for Summary Judgment. In *Di Grazia v. County Executive for Montgomery Co.,* 43 Md. App. 580 (1979), we said:

> "The standards for ruling upon a motion for summary judgment have been the subject of numerous opinions of both this Court and the Court of Appeals. Md. Rule 610 a 1 provides that 'a party ... may at any time make a motion for summary judgment ... on the ground that there is no genuine dispute as to any material fact and that he is entitled to judgment as a matter of law.' The trial judge is to render judgment only if 'the pleadings, depositions, and admissions on file, together with the affidavits, if any, show no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law.' Md. Rule 610 d 1.
>
> Summary judgment is not a substitute for a trial but only a procedure to determine whether a trial is necessary. *Kirsner v. Fleischman,* 261 Md. 164, 169, 274 A.2d 339, 342 (1971); *Mazur v. Scavone,* 37 Md. App. 695, 698-99, 378 A.2d 1355, 1357 (1977). When ruling on such a motion, the trial judge does not decide disputed facts but, rather, decides whether

> any real dispute exists as to *material* facts. *Washington Homes Inc. v. Interstate Land Development Co., Inc.,* 281 Md. 712, 716, 382 A.2d 555, 557 (1978); *Lipscomb v. Hess,* 255 Md. 109, 118, 257 A.2d 178, 183 (1969); *Vanhook v. Merchants Mutual Insurance Co.,* 22 Md. App. 22, 25, 321 A.2d 540, 542 (1974)."

A thorough review of the record in this case shows that at least several matters related to the authority of Lindsay Shafer to sign confessed judgment notes are in dispute. Since these factual conflicts exist, Summary Judgments were properly denied.

> *Rulings on motions for summary judgment affirmed.*
> *Ruling on motion ne recipiatur affirmed.*
> *Rulings on motions to vacate judgment reversed.*
> *Cases remanded for trial.*
> *Costs to abide the result.*