MILTON KNISLEY AND PATRICIA KNISLEY *v.*
CHARLES J. KELLER

[No. 290, September Term, 1970.]

*February 16, 1971.*

The cause was argued before MORTON, ORTH, and POWERS, JJ.

*Franklin I. Freeman* and *Francis N. Iglehart* for appellants.

*Donald E. Sharpe,* with *Judith K. Sykes* on the brief, for appellee.

POWERS, J., delivered the opinion of the Court.

Milton Knisley, a gravedigger at a cemetery on Belair Road in Baltimore was crossing that road between intersections at about 9:00 P.M. on May 30, 1967 when he was struck and injured by a car driven by Charles J. Keller. Knisley and his wife sued Keller in the Superior Court of Baltimore City, and removed the case to Baltimore County. There Judge Turnbull granted Keller's motion for summary judgment and the Knisleys appealed.

Factual information before the court on the motion was contained in testimony given in the Superior Court on a preliminary matter by the investigating officer, Leon K. Gray, by Knisley, by Keller and by Eleanor Myers, an eyewitness, and in depositions of David B. Ehatt, an eye-

witness, by Knisley and his wife, and by Mrs. Myers. Extensive memoranda were filed supporting and opposing the motion. Each side was apparently content with the facts as shown in the recorded testimony of the witnesses mentioned.

The trial judge considered the motion from three aspects: primary negligence, contributory negligence, and last clear chance. In granting the motion, he ruled that primary negligence of Keller would be a jury question; that Knisley was contributorily negligent as a matter of law; and that last clear chance did not apply.

Taken most favorably to appellants, the evidence could support a finding that appellee was negligent, but that is not the issue before us. In the same light the facts show that Knisley had left work about 2:00 P.M. because of the holiday, had gone home and drunk five cans of beer, then went out to a tavern where he drank eighteen to twenty big glasses of beer. After leaving the tavern he attempted to cross Belair Road, a four-lane highway, about 150 feet south of the nearest intersection. After some hesitation, he reached the middle, going from west to east, and stopped there. There was no physical barrier dividing the northbound lanes from the southbound. As he continued east from the middle of the road, two cars were coming north. One, not identified, was on the inside lane, and appellee was in the lane nearer the curb, about 60 feet behind the first car. Knisley apparently passed safely in front of the first car, although one witness said he was hit or grazed by it and knocked into the next lane. This discrepancy is not material. In either event he was hit by appellee's car in the easternmost lane.

At the place where Knisley crossed Belair Road he was required to yield the right-of-way to vehicles, Code, Art. 66½, § 236 (a),[1] and although failure to do so is not negligence *per se*, he must use the greatest care for his own protection. As the Court of Appeals said in *Hender-*

---

1. Now Code, Art. 66½, § 11-503.

*son v. Brown,* 214 Md. 463, 135 A. 2d 881 (1957), at page 468:

> "* * * the law requires him to know that he must accommodate himself to vehicles on the road, that he cannot dispute their right-of-way but must cross only as the traffic affords safe opportunity."

The teachings of *Love v. State, Use of Nelson,* 217 Md. 290, 142 A. 2d 590 (1958); *Campbell v. Jenifer,* 222 Md. 106, 159 A. 2d 353 (1960); *U.S.F. & G. Co. v. Royer,* 230 Md. 50, 185 A. 2d 341 (1962); *Van v. McPartland,* 242 Md. 543, 219 A. 2d 815 (1966), and many others are to the same effect.

Resolving all conflicts in favor of appellants, and drawing all inferences favorable to them, the evidence before the court on the question of whether Knisley was or was not negligent left no room for reasonable minds to differ, and the judge was correct in ruling that as a matter of law he was negligent.

Appellants contend that with additional liability testimony there are possibilities that the doctrine of last clear chance may be applicable. We point out that the summary judgment procedure is not a substitute for a trial but merely a hearing to decide whether a trial is necessary, *Strickler Engineering Corp. v. Seminar, Inc.,* 210 Md. 93, 122 A. 2d 563 (1956), page 100; *Lipscomb v. Hess,* 255 Md. 109, 257 A. 2d 178 (1969), page 118. The party opposing the motion must show by facts, which would be admissible in evidence, that there is real dispute between the parties. The dispute must be material to the outcome. Parties are required to raise whatever issues they desire to interpose to the motion at or before the time of hearing in the trial court by affidavit or deposition, Maryland Rule 610 a 3, *Guerassio v. American Bankers,* 236 Md. 500, 505, 204 A. 2d 568 (1964). The function of the judge is much the same as that he performs at the close of all the evidence in a jury trial when motions for directed verdict or requests for peremptory instructions require

him to determine whether an issue requires resolution by a jury, or is to be decided by the court as a matter of law.

Last clear chance is but a term which helps to guide the inquiry into true proximate cause. For it to apply there must be evidence of a new and independent opportunity available to the defendant to avoid the consequences of the prior negligence of both parties, and a failure by him to take such opportunity. That failure would then become the proximate cause, superseding any prior negligence. *Peregoy v. Western Md. R.R. Co.*, 202 Md. 203, 95 A. 2d 867 (1953) ; *Mackenzie v. Reesey*, 235 Md. 381, 201 A. 2d 848 (1964).

There were no facts from which such a fresh opportunity for appellee to avoid the accident could be found. If he was negligent, that negligence continued up to the impact, concurring with the clear negligence of Knisley.

The trial court ruled correctly in granting summary judgment, and we affirm it.

*Judgment affirmed.*
*Appellants to pay costs.*