MILTON R. FELGER *v.* ZANE GRAY NICHOLS

[No. 449, September Term, 1975.]

*Decided February 26, 1976.*

The cause was argued before POWERS, GILBERT and DAVIDSON, JJ.

*Alan Hilliard Legum* for appellant.

*William A. Franch* and *Joseph P. Manck,* with whom were *Goldsborough & Franch* on the brief, for appellee.

DAVIDSON, J., delivered the opinion of the Court.

On 19 February 1975, in the Circuit Court for Anne

Arundel County, the appellant, Milton R. Felger, filed this action against the appellee, Zane G. Nichols. On 12 May 1975, Judge Karl F. Biener granted the appellee's motion for summary judgment in open court. On 12 May, Judge Biener signed a document which read in pertinent part: "Motion for Summary Judgment Granted." A note stapled to this document said: "Counsel will prepare order." A docket entry showed that the motion for summary judgment was granted. No judgment was entered or noted on the docket. On 5 June 1975, an order for appeal was filed.

Generally an appeal may be taken only from a final judgment.[1] Here the appeal was taken from the grant of a motion for summary judgment.

Maryland Rule 610 d 1 requires that when a motion for summary judgment is granted, the "judgment sought shall be rendered forthwith." This rule establishes that the grant of the motion is nothing more than a determination that the moving party is entitled to a judgment. It does not itself constitute the entry of final judgment.[2]

In our view, the grant of such a motion is analogous to the grant of a motion for a directed verdict.[3] There is no right of appeal from the grant of a motion for a directed verdict.[4]

We hold that there is no right of appeal from the grant of a motion for summary judgment. Accordingly, this appeal is premature. We shall dismiss.

> *Appeal dismissed.*
> *Costs to be paid by appellant.*
> *Mandate to issue forthwith.*

---

1. Md. Ann. Code (1974) Courts & Judicial Proceedings § 12-301; Eastgate Associates v. Apper, 276 Md. 698, 700-701, 350 A. 2d 661, 663-664 (1976); Shipp v. Autoville Ltd., 23 Md. App. 555, 559, 328 A. 2d 349, 352 (1974). For a listing of exceptions, see Courts & Judicial Proceedings § 12-303.

2. Dowling v. Jensen, 171 N.E.2d 107 (Ill. App. 1960); see 49 C.J.S. *Judgments* § 227, at 433 (1947); but see Subsequent Injury Fund v. Howes, 11 Md. App. 325, 335, 274 A. 2d 131, 136 (1971).

3. See Lynx, Inc. v. Ordnance Products, Inc., 273 Md. 1, 8, 327 A. 2d 502, 509 (1974); Knisley v. Keller, 11 Md. App. 269, 272-73, 273 A. 2d 624, 625, *cert. denied*, 261 Md. 726 (1971).

4. Eastgate Associates Inc. v. Apper, *supra*, 276 Md. at 701-702, 350 A. 2d at 664 (1976).