498 A.2d 281

**John W. SPIVEY**

v.

**Andrea B. HARRIS.**

**Nos. 94 & 366, Sept. Term, 1985.**

Court of Special Appeals of Maryland.

Oct. 7, 1985.

Steven R. Smith, Riverdale (Meyers, Billingsley, Shipley, Curry, Rodbell & Rosenbaum, P.A., Riverdale, on brief), for appellant.

Catherine C. Hester, Staff Atty. and Joseph B. Spillman, Asst. Atty. Gen., Baltimore (Stephen H. Sachs, Atty. Gen., Baltimore, and Paula J. Peters, Annapolis, on brief), for appellee.

Argued before BISHOP, GARRITY and ROSALYN B. BELL, JJ.

BISHOP, Judge.

In *Nisos v. Nisos*, 60 Md.App. 368, 376, 483 A.2d 97, 101 (1984) (opinion issued November 8, 1984), and in *Harmon v. Harmon*, 61 Md.App. 554, 558, 487 A.2d 689, 691 (1985) (opinion issued February 8, 1985), this Court warned the bar that serious violations of the Rules could result in summary dismissal. The cases *sub judice* were consolidated on June 7, 1985, for briefing and argument. Appellant was on adequate notice that failure to comply with the Rules could be fatal. We stated in *Kemp-Pontiac-Cadillac v. S & M Constr.*, 33 Md.App. 516, 521, 365 A.2d 1021, 1024 (1976):

These rules are to promote the orderly and effective administration of justice. They are to be read and carefully followed by appellate counsel. Whether to dismiss the appeal or not in the event of violation of the above rules, rests in the discretion of this Court. As previously indicated, the court may act *sua sponte*. . . .

Although resolution of each of the seven issues raised by appellant requires review of the testimony produced at the hearings, appellant submitted a record extract which contained not one word of the testimony. With no authority whatsoever in the Rules, and without permission from this Court, on August 28, 1985, sixteen calendar days before the scheduled oral argument and after appellee had filed her brief, appellant attempted to supplement the deficient extract. This Court initially refused to accept the proffered supplement, not only because it was untimely and not authorized by the Rules, but, in addition, its form and content violated Rules 1028 a. and b.1. One week before the date set for oral argument, this Court granted appellant's Motion for Reconsideration and permitted appellant to file the supplemental record extract along with what purported to be the missing table of contents.

This case originated when appellee, Andrea B. Harris, filed in the Circuit Court for Prince George's County, a Petition to Establish Paternity in which she prayed that appellant, John W. Spivey, be found to be the father of three female babies born to her on October 27, 1983. He was ordered to pay child support, medical and other expenses incident to the births.

The circuit court held a bifurcated hearing, proceeding first on the issue of paternity and then on the support issue. After the paternity hearing on November 30, 1984, the court "found as a fact" that appellant is the father of the three female children and, on December 7, 1984, issued an order to that effect. The December 7th order was entered on the docket on December 12, 1984. On December 28, 1984, before the hearing on or the disposition of the support

issue, appellant filed an appeal to this Court from the paternity order.

The hearing on the support issue was held on January 2, 1985, and although the court made oral disposition of that issue on that date, the order was filed on January 24, 1985. By that order the appellant was directed to pay $2,000.00 per month to appellee as child support, $1,250.00 per month to the Department of Social Services to be applied to the medical bills and after care of her triplets, as well as additional amounts for the costs of HLA blood tests, expert testimony, and attorney's fees.

We have considered the briefs, appellant's original record extract and the supplemental extract with the table of contents. Not only are we unable to answer the seven issues raised by appellant, we are unable to set out a verified statement of facts. Appellee's brief was filed before the supplemental record extract was proffered and ultimately received by this Court. In her brief appellee refers to testimony not contained in the record extract. This is not surprising since not only was the record extract unavailable to appellee at the time of the preparation of her brief, but appellant placed in the supplemental record extract only that testimony which supported his version of the facts and his arguments, having failed to consult with opposing counsel and comply with the Rules as to the content of the record extract. Because of the foregoing and his failure to include the complete opinion of the trial court, appellant has violated every subsection of Rule 1028 b. 1 which provides what is to be included in the record extract:

> The printed extract shall contain such parts of the record as may reasonably be necessary for the determination of the questions presented by the appeal, and shall include:

> (a) The judgment appealed from, together with the opinion or charge of the lower court, if any.

(b) So much of the evidence, pleadings or other parts of the record as is material to any question the determination of which depends upon the sufficiency of the evidence, pleadings or other matter contained in the record to sustain any action, ruling, order or judgment of the lower court.

(c) Such other parts of the record as may be designated by the parties pursuant to section c. of this Rule.

Had appellant complied with Rule 1028 c. the violations of 1028 b. 1 could have been either eliminated or at least attenuated. Rule 1028 c. 1 provides that when possible parties shall stipulate on the parts of the record to be included in the record extract. Where agreement is not possible appellant is required under c. 2 to deliver to appellee "a written statement of the parts of the record" he intends to include and within ten days thereafter appellee is to supply appellant with "a written statement of any additional parts of the record the appellee" desires to include in the record extract. Appellant then has ten days to place additional items in the record extract. It is because this procedure required by the Rules was not followed by appellant that we have an inadequate record before us: a record which is not, as required by the rule, based on input from both parties and which, does not, as required by the rule, contain sufficient information to decide the issues.

Compliance with the Rules not only will provide this Court with the information necessary for disposition of the issues, but also will provide as much as possible, a procedure for both parties to bring to the Court's attention the information which each party believes is required for a fair review of the issues. Individual members of the bar have too frequently regarded these rules as optional and this Court has too frequently tolerated this attitude by overlooking the omissions and performing work which would have been done by counsel had counsel complied with the Rules.

Because appellant has excluded so much of the pertinent trial testimony from the supplemental record extract, the

table of contents provides no help to the Court in resolving conflicts in the facts and arguments as proposed by the parties. In addition, from a mechanical point of view, both parties in their briefs referred to pagination as contained in the original transcript of the testimony and because there is no chronological pagination in the extract containing the testimony (of course this would not have affected appellee, since that volume of the record extract was filed after appellee's brief), it would be necessary for the Court to number the pages, a service which we do not provide. Even if the pages were properly numbered, where the table of contents refers to the testimony of a witness we find not the witness' testimony but short excerpts from that testimony in support of appellant's position.

Rule 1028 a. requires that "[t]he table of contents, ... shall give reference to initial page of the direct, cross, and redirect examination of each witness...." Without compliance with this rule there is no way for this Court to tell where a witness' testimony begins and ends other than for the Court to read all of the testimony from the original record. This is also a service which we do not provide.

Many of the pages of testimony contained in the record extract begin with answers to questions which are not included in the extract but which are relevant to an understanding of the facts of the case. Some pages begin mid-sentence leaving the Court to guess the complete meaning. Finally, there is no way to tell from the record extract whether objections were made during the course of the trial and thereby preserved for appellate review.

Based on the foregoing and pursuant to Rule 1028 i and 1031 f, we dismiss appeals number 94 and 366, consolidated in this Court for purposes of briefing and oral argument. *Nisos, Harman* and *Kemp-Pontiac-Cadillac*, all *supra.*

APPEALS DISMISSED; COSTS TO BE PAID BY APPELLANT.