523 A.2d 648

ATLANTIC FOOD & BEVERAGE SYSTEMS, INC., et al.

v.

CITY OF ANNAPOLIS.

No. 969, Sept. Term, 1986.

Court of Special Appeals of Maryland.

April 10, 1987.

Samuel J. Brown (Daniel J. Mellin, Hillman, Brown & Darrow, on the brief), Annapolis, for appellants.

Jonathan A. Hodgson, City Atty., Annapolis, for appellee.

Argued before GILBERT, C.J., and WILNER and BISHOP, JJ.

BISHOP, Judge.

This appeal is "from the Opinion and Order" of the Circuit Court for Anne Arundel County "dated June 11, 1986." According to the docket, on that date the court "Ordered, that the Motion to Alter or Amend Judgment and the Motion to Take Additional Testimony be and they are hereby denied." Because we dismiss this appeal on procedural grounds, we will not set out either the facts or the issues raised.

## The following are the pertinent docket entries:

1986 Feb. 21   Opinion filed. Attorneys to prepare Orders. (Copies mailed to F.C. Sussman, Esq., S.J. Brown, Esq. & R.T. Wright, Esq. by the Judge's Secretary).

1986 Feb. 28   Correspondence filed. Re: Request for Hearing.

1986 Feb. 28   Motion for Leave to Present Additional Testimony filed.

1986 Feb. 28   Motion to Alter or Amend Judgment filed.

1986 Mar. 3   Order of Court filed. ORDERED, that the decision of the City of Annapolis Board of Appeals, as embodied in its Opinion dated May 8, 1985, from which the appellants have appealed to this Court, is affirmed, and it is further ORDERED, that appellants shall pay the costs of these proceedings. (Copies to Messrs: Brown, Mellin, Hodgson, Wright and Sussman, 3/12/86).

. . .

1986 May 2   Case called for Hearing on Motions in Open Court before Judge James C. Cawood, Jr. Case heard concurrent with #1110801. Counsel heard. Court held sub curia.

1986 June 11   Opinion and Order filed. ORDERED, that the Motion to Alter or Amend Judgment and the Motion to Take Additional Testimony, be and they are hereby denied. Copies mailed to Messrs. Sussman, Hodgson and Brown.

1986 July 7   Copy of Notice of Appeal filed.

1986 July 10   Notice of Cross Appeal filed.

▬▬ The Order of June 11, 1986 disposed of Motions filed on February 28, 1986. The record extract does not contain a copy of the Motion to Take Additional Testimony, so that Motion is not before us. *Spivey v. Harris,* 64 Md.App. 619, 498 A.2d 281 (1985). The Motion to Alter or Amend Judgment is before us. This motion pertains to a "judgment contained in [the court's] opinion dated February 21, 1986...." There was no judgment filed on February 21, 1986. The final judgment of the court, which affirmed the decision of the City of Annapolis Board of Appeals, was filed on March 3, 1986, three days after the motions re-

ferred to above were filed. Md. Rule 2–534 authorizes the court, in an action tried by the court, to alter or amend its judgment "on motion of any party filed within ten days *after* entry of the judgment...." (emphasis supplied). This is a post-judgment rule. Just as an appeal is not permitted from an opinion of the circuit court, *Eastgate Associate v. Apper,* 276 Md. 698, 701–02, 350 A.2d 661 (1976); *Montauk Corporation v. Seeds,* 215 Md. 491, 502, 138 A.2d 907 (1958), a motion to alter or amend a judgment is not permitted after an opinion. There was no judgment on February 28, 1986, when the motion was filed, therefore the motion was not permitted by law and there was nothing on which the circuit court had to rule. The action of the circuit court on July 11, 1986 was a nullity from which no appeal is permitted. Appellants were placed on notice on March 17, 1986, three days after their motion was filed. Their failure to take any corrective action was fatal. The trial judge was in error when he ruled that the Motion to Alter or Amend was timely filed.

Although procedurally similar, the instant case stands in a posture substantially different from *Houghton v. County Commissioners of Kent County,* 305 Md. 407, 504 A.2d 1145, *motion to reconsider denied,* 307 Md. 216, 513 A.2d 291 (1986). In *Houghton,* plaintiffs filed a three count complaint in the Circuit Court for Kent County. On January 21, 1985, the court granted defendants' motion to dismiss counts I and III and entered into the docket an order that made no reference that a final judgment had been rendered, but simply stated: "Memorandum Opinion and Order on Defendants' Motion to Dismiss and Order of Court filed." Two days later, on January 23, 1985, the plaintiffs filed a notice voluntarily dismissing count two of their complaint. On the same day, the notice of appeal was entered on the docket, although the word "judgment" was still absent from the docket entry.

This Court, *sua sponte,* dismissed the appeal on the ground that no final judgment had been entered. The

Court of Appeals, however, reversed, holding that "an unqualified order granting a motion to dismiss or strike the plaintiff's initial pleading, thereby having the effect of putting the parties out of court is a final appealable order." *Houghton*, 305 Md. at 412, 504 A.2d 1145. In reaching this conclusion, the Court recognized that the quality of the trial court's action was sufficient to finalize the case regardless of the form of the docket entry. Specifically, the Court stated that it matters not whether the words "final judgment" appear in the docket so long as the trial court's decision, which is the subject of the appeal, has the effect of terminating the litigation thus "putting the parties out of court." *Id.*

■ The circumstances in the instant case are the exact opposite of those existing in *Houghton*. Here the trial court reached an initial determination in its February 21, 1986 Opinion and directed the attorneys to prepare the necessary orders. In contrast to *Houghton*, the quality of the trial court's action was not sufficient to "put the parties out of court." Before a final judgment could be qualitatively achieved, orders had to be prepared by attorneys and then entered into the docket. When appellants filed this action to alter or amend a judgment on February 29, 1986, those orders had still not been prepared and entered into the docket.[1] Accordingly, such a motion, without a final order, was premature.

---

1. Appellants filed a post-argument motion in which they ask this Court either to correct the docket to reflect the timely filing of the motions or remand the case to the circuit court so that the circuit court judge

"pursuant to Rule 2–535(b) can correct clerical mistakes in the Record of the Docket to show, among other things:
   (a) that the 2–534 Motion was timely filed in both 1110104 *and* 1110801;
   (b) that his decision as embodied in his Opinion of February 21 was final;
   (c) that his Orders of March 3 should have been stricken as they were meaningless in light of the pendency of the 2–534 Motion;

These circumstances closely resemble those arising in *Felger v. Nichols*, 30 Md.App. 278, 352 A.2d 330 (1976), in which the trial judge granted a motion for summary judgment and signed a document which read in part "Motion for Summary Judgment Granted." Stapled to this document was a note, "Counsel will prepare order." No judgment was entered on the docket. We held that the appeal was premature.

In the case *sub judice* the opinion of the trial judge of February 21, 1986 closed with the following:

"We therefore affirm the decision of both the Board of Appeals and the Mayor and Aldermen. Although we have written one Opinion, we believe there should be separate Orders in each case, and ask counsel to prepare them."

The docket entry of February 21, 1986, *supra*, provided "Opinion filed. Attorneys to prepare Orders." The court's written affirmance of the decision before it on appeal is analogous to the signed document in *Felger* which documented the court's granting of the Motion for Summary Judgment. The note in *Felger* providing "Counsel will prepare order" and the court's direction in the case *sub judice* that counsel was to prepare the orders are sufficiently similar for *Felger* to be supportive of our holding in this case.

Former Rule 2–601(a) provided:

---

(d) in the alternative, Judge Cawood could order the clerk to correct the Docket to show that the March 3 Orders were effective as of February 21, 1986;

(e) or to allow Judge Cawood to exercise such other revisory power over the clerk's docket as is necessary to correct the irregularity or mistake apparent in the docket which may operate to deny Appellants' rights of appeal."

It appears that the circuit court judge, in consort with counsel for the parties, concluded that the motions had been filed timely and thereafter proceeded to rule on them. It is mainly based on this scenario that appellants request the relief set out above. Appellee does not object.

We do not have the authority to grant appellants' motion.

When Entered.—Upon a verdict of a jury or upon a decision by the court allowing recovery only of a sum certain or costs or denying all relief, the clerk shall forthwith enter the judgment, unless the court orders otherwise. Upon a special verdict of a jury or upon a decision by the court granting other relief, the court shall promptly approve the form of the judgment, and the clerk shall then enter it.

Effective July 1, 1986, section (a) was amended as follows:

Upon a general verdict of a jury or upon a decision by the court allowing recovery only of costs or of a [sum certain] *specified amount of money* [or costs] or denying all relief, the clerk shall forthwith enter the judgment, unless the court orders otherwise. Upon a special verdict of a jury or upon a decision by the court granting other relief, the [court shall promptly approve the form of the judgment, and the] clerk shall [then] enter [it] the judgment as directed by the court. Unless the court orders otherwise, entry of the judgment shall not be delayed pending a determination of the amount of costs.[2]

Whether the former rule, in effect at the time of the opinion and docket entries in this case, or the current rule is applied, the result would be the same. Applying the language in the former rule that "the clerk shall forthwith enter the judgment, unless the court orders otherwise" to the facts of this case leads to the conclusion that the court's request that counsel prepare the orders would prevent the forthwith entry of the judgment by the clerk. We see no substantive difference between the former and the current rule since the language, "the clerk shall enter the judgment as directed by the court" is the positive way of saying "the clerk shall forthwith enter the judgment, unless the court orders otherwise." [3]

---

**2.** Brackets denote deleted language. Underlines denote added language.

**3.** Section (b) of Maryland Rule 2–601 provides:

Appellant filed a motion pursuant to Maryland Rule 2–534, which provides:

> In an action tried by the court, on motion of any party filed *within ten days* after entry of judgment, the court may open the judgment to receive additional evidence, may amend its findings or its statement of reasons for the decision, may set forth additional findings or reasons, may enter new findings or new reasons, may amend the judgment, or may enter a new judgment. A motion to alter or amend a judgment may be joined with a motion for new trial.

(emphasis added). A close comparison of the language of the Maryland rule and its federal counterparts provides further explanation for our holding in the case *sub judice.* Specifically, the pertinent language contained in the federal rules highlights, by contrast, the language in the Maryland rules that requires a moving party to await final judgment before it attempts to file a motion to alter or amend that judgment.

Maryland Rule 2–534 is derived from two federal rules, Rule 52(b) and Rule 59(e), which provide in pertinent parts:

> Upon motion of a party made *no later than* 10 days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly.

> A motion to alter or amend the judgment shall be served *not later than 10 days* after entry of judgment.

(emphases added). Based upon this language stating that motions must be served no later than ten days after entry of judgment, federal courts have held that it is proper for a court to entertain such a motion, even though filed prior to

---

The clerk shall enter a judgment by making a record of it in writing on the file jacket, or on a docket within the file, or in a docket book, according to the practice of each court, and shall record the actual date of the entry. That date shall be the date of the judgment. In the case *sub judice,* the clerk made the entry required by section (b) on March 3, 1986. The rule is explicit: "That date shall be the date of the judgment."

the actual entry of judgment. *Calculators Hawaii, Inc. v. Brandt, Inc.,* 724 F.2d 1332, 1335 (9th Cir.1982); *Smith v. Hudson,* 600 F.2d 60, 62 (6th Cir.), *cert. dism'd,* 444 U.S. 986, 100 S.Ct. 495, 62 L.Ed.2d 415 (1979); *Jetero Construction Company v. South Memphis Lumber Company,* 531 F.2d 1348, 1351 (6th Cir.1976); *United States v. Pan American World Airways, Inc.,* 299 F.2d 74, 76–77 (5th Cir.), *cert. denied,* 370 U.S. 918, 82 S.Ct. 1556, 8 L.Ed.2d 498 (1962); *Great Lakes Casualty Company v. Peano,* 1 F.R.D. 244, 245 (D.Ore.1940).

By way of comparison, Maryland rules do not track the language of the federal rules. Rather than adopting the "no later than 10 days" language, the drafters deliberately chose to adopt the 1937 proposed draft to Rule 52(b),[4] which requires post-judgment motions to be "filed within ten days after entry of judgment." According to one treatise on the federal rules, the difference between the proposed and final language is significant:

> The April 1937 Draft read: "Upon motion of a party made *within* 10 days after entry of judgment the court may amend its finding," etc. The Final Report struck out "within" and substituted the words "not later than." The same change was made in the rule on new trials and for the same reason. Hence a motion to amend or supplement findings under Rule 52(b) or for a new trial under Rule 59(b) need not await the actual entry of judgment

5A J. MOORE & J. LUCAS, MOORE'S FEDERAL PRACTICE ¶ 52.11[1], at 52–194 n. 9 (2d ed. 1986) (citations omitted). The implication of the decision of the drafters of the Maryland rules to adopt the proposed, rather than the final language incorporated in the federal rules is obvious. Rejecting the less precise federal format, the drafters decided to impose a strict procedural timetable under which parties may file their post-judgment motions: entry of

---

**4.** There is no April 1937 proposed draft to Rule 59(e), since this subsection was not incorporated until December 27, 1946.

**730**

judgment must be made first, and only then may the moving party file a post-judgment motion.

Although the difference between these versions may appear semantical at first glance, we think that a thoughtful consideration of the plain meaning of each phrase supports the above distinction. To file a motion "within ten days" of judgment logically implies that the party files the motion within a discrete ten day period beginning with the entry of final judgment. Consequently, a court may not entertain motions prior to that judgment. In contrast, to file a motion "no later than 10 days" from entry of judgment logically implies that the party need only to file his motion before the expiration of the ten day period. Under this frame, a court may entertain a motion, including one filed before entry of judgment, so long as the ten day period has not lapsed. However subtle this distinction may be, we believe it logically flows from the plain meaning of the rule and thus it is one that we must recognize. Accordingly, we hold that appellants' motion to alter and amend judgment was premature and thus had no legal effect.

APPEAL DISMISSED;

COSTS TO BE PAID BY APPELLANTS.